# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3710

_____

John R. Likins

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 11, 2014
Filed: October 21, 2014
[Unpublished]

_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

John R. Likins brought this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2674, alleging that federal employees acting on behalf of the Small Business Administration ("SBA") negligently refused to release a forged Deed of Trust on his residence that is held by the SBA as collateral securing a defaulted commercial loan. FTCA actions are subject to a two-year statute of

limitations.  See 28 U.S.C. § 2401(b).  As this restriction is jurisdictional, the government filed a Rule 12(b)(1) motion to dismiss the action.  See T.L. ex rel. Ingram v. United States, 443 F.3d 956, 961 (8th Cir. 2006).  The district court[1] granted the motion and dismissed the complaint as time-barred.  Likins appeals the dismissal. We affirm for the reasons stated by the district court.  See Osborn v. United States, 918 F.2d 724, 730-31 (8th Cir. 1990) (standard of review).

In June 1999, Rural Missouri, Incorporated ("RMI"), loaned $750,000 to Blue Springs Hotel Development, LLC, of which Likins was a member.  The loan was secured by an Unconditional Guarantee, signed by "John R. Likins," and by a notarized Deed of Trust on his residence in Jackson County, Missouri, also signed by "John R. Likins."  The SBA guaranteed the loan, and RMI assigned the Unconditional Guarantee and the Deed of Trust to the SBA.  In May 2004, with the hotel loan in default, RMI wrote Likins denying a request that his home be released as collateral for the loan.  In February 2005, at the request of Likins's attorney, RMI sent Likins copies of the Unconditional Guarantee and the Deed of Trust.  In the fall of 2009, RMI advised Likins that the SBA had "taken over" the defaulted loan.  In September 2009, the Department of the Treasury offset Likins's Social Security benefits to repay part of the debt.

In July and August 2010, Likins's attorney wrote the SBA advising that the forged Unconditional Guarantee and Deed of Trust did not give the SBA an enforceable debt under Missouri law, and "formally demanding" that the SBA record a release of the Deed of Trust.  See Mo. Rev. Stat. § 443.130.  When the SBA did not release the debt, Likins filed a quiet title action against the United States in the district court in February 2011, and an administrative tort claim with the SBA in April 2011, a necessary precursor to an FTCA tort action.  See 28 U.S.C. § 2675.  In February

---

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

2012, District Judge Dean Whipple dismissed the quiet title action as time-barred under the six-year statute of limitations that governs "every civil action commenced against the United States," 28 U.S.C. § 2401(a). The SBA rejected Likins's administrative tort claim as time-barred in March 2012. Likins filed this FTCA damages action on August 30, 2012, asserting six distinct tort theories based on the SBA's refusal to release the forged Deed of Trust and to cancel the forged Unconditional Guarantee.

The district court granted the government's Rule 12(b)(1) motion and dismissed the FTCA action as time-barred. After reviewing the above-summarized chronology, the district court concluded:

> In this case plaintiff alleges he was injured because his signatures were forged on a Deed of Trust and Unconditional Guarantee, and therefore improperly clouded title to his residence. The previous action plaintiff brought against the United States is *factually* identical to the one brought here. Although plaintiff has couched his claims in negligence, it is clear that the facts giving rise to plaintiff's cause of action were known as early as May 2004. Judge Whipple dismissed plaintiff's quiet title action brought in February 2011, as it was barred by the six-year statute of limitations. It follows, a fortiori, that plaintiff's tort claims in this case -- which are based upon the same facts -- are barred by the shorter two-year statute of limitations.

After careful review of the record and the authorities cited in the parties' briefs, we agree with this reasoning. Accordingly, the judgment of the district court is affirmed.

_____